**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ANGELICA HENLEY, Individually and FLOYD YOUNG, Jr., Individually and as Representatives of the Estate of Floyd Young III<br>*Plaintiffs,* | |
| vs. | Case No.: 4:25-cv-4334 |
| CITY OF HOUSTON and OFFICER THOMAS HITZ, Individually and in his Official Capacity as a Police Officer for the Houston Police Department,<br>*Defendants***.** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Angelica Henley and Floyd Young, Jr. ("Plaintiffs") file this Original Complaint, complaining of the City of Houston and Police Officer Thomas Hitz ("Defendants"), and would show as follows:

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and other applicable laws to redress the unconstitutional use of excessive force and deprivation of life, liberty, and property by Officer Hitz, a Houston Police Department officer, and the City of Houston.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because this case arises under the Constitution and laws of the United States.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Houston, Texas within the Southern District of Texas.

## III. PARTIES

4. Plaintiff Angelica Henley is the mother of Floyd Young, III and brings this action individually.

5. Plaintiff Floyd Young, Jr. is the father of Floyd Young, III and brings this action individually and as the representative of his estate.

6. Defendant City of Houston is a municipal entity responsible for the policies, practices, and customs of the Houston Police Department and may be served with citation by serving the City Secretary, Troy D. Lemon, at 900 Bagby Street, Room P101, Houston, Texas 77002.

7. Defendant Officer Thomas Hitz is a Houston Police Department officer who acted under color of the law during the events described herein. He is sued in his individual and official capacities, and may be served by serving the City Secretary, Troy D. Lemon, at 900 Bagby Street, Room P101, Houston, Texas 77002.

## IV. FACTUAL ALLEGATIONS

8. On September 29, 2023, when Floyd Young, III, a 17-year old resident of Houston, Texas, was shot and killed by Officer Hitz, as Houston police officers with the Northeast Patrol Division Crime Suppression Team ("Team") were conducting an unspecified investigation at the Emerald Bay Apartments located at 6767 Bennington Street, Houston, Texas.

9. Officer Hitz arrived at the scene in plain clothes and an unmarked vehicle. It is unclear whether Officer Hitz was a member of the Team involved in the unspecified investigation being conducted at the location of the shooting. However, it is undisputed that before encountering the juvenile, Floyd Young III and opening fire, Officer Hitz did not announce himself as a police officer or provide any indication as to his identity, in violation of the use of force policy found in HPD General Order #600-17.[1] This policy specifically provides that before using deadly force the officer should issue a verbal warning when possible before using deadly force. Defendant Officer Hitz failed to follow this policy directive before opening fire on Floyd Young III.[2]

10. Without witnessing or hearing any report of unlawful activity, Officer Hitz while running onto the property encountered Floyd Young III as Young came around Building 5, and without considering the confined and dimly lit surroundings of the apartment complex, or that Floyd Young III was a fleeing suspect who represented no immediate threat, Officer Hitz immediately opened fire, shooting Floyd Young III approximately three times causing fatal injuries and his wrongful death.[3]

11. Officer Hitz did not have an objectively reasonable understanding of the totality of the circumstances as he ran onto the apartment complex, and if he was ever in imminent danger, he placed himself in that position; for that reason, under HPD use of force policy, Officer Hitz cannot justify the use of deadly force against Floyd Young III.[4]

---

[1] Issued March 4, 2022, Subject: Use of Force Policy.

[2] Id., at pg 3; Use of Deadly Force and Firearms; "Officers shall exhaust all reasonably available alternatives, such as, without limitation, issuing a verbal warning when possible, prior to the use of deadly force…"

[3] Id., "Officers shall consider their immediate surroundings and the safety of uninvolved persons before using deadly force." Firearm Use: "Officers should not use firearms in any of the following ways: b. firing at fleeing suspects who do not represent an imminent threat to life of the officer or another person."

[4] Id., "Officer shall not justify the use of deadly force by intentionally placing themselves in imminent danger."

12. Officer Hitz's use of deadly force was excessive, unreasonable, in violation of HPD use of force policy, and in violation of Floyd Young III's clearly established constitutional rights to life, liberty and the pursuit of happiness.

13. Floyd Young, III died because of the gunshot wounds inflicted by Officer Hitz; his death has been ruled a homicide.

## V. CLAIMS FOR RELIEF

**COUNT I: VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE**

14. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

15. Officer Hitz, acting under color of law, used excessive and objectively unreasonable deadly force against Floyd Young III, in violation of Young's Fourth Amendment rights.

16. The use of deadly force was unjustified, as Floyd Young III posed no immediate threat to Officer Hitz or others, because he was a fleeing suspect at the time he was shot, and if Officer Hitz believed he was in imminent danger at the time of the shooting, he unreasonably placed himself in imminent danger, by violating HPD use of force policy. Rendering Officer Hitz's use of deadly force unjustified.

17. Officer Hitz's use of deadly force against Floyd Young III violated Young's clearly established rights under the Fourth Amendment. As affirmed by the United States Supreme Court in *Barnes v. Felix*, 601 U.S. ____ (2025), courts must assess the reasonableness of police force by considering the totality of the circumstances—not merely the fleeting moment in which force is applied. In *Barnes*, the Court held that an officer's prior decisions and conduct leading up to a shooting are critical in determining whether the use of force was constitutionally excessive. Here Officer Hitz's escalation of the encounter with Floyd Young III, and his tactical choices as he

entered the apartment complex—before resorting to deadly force—are directly relevant. Under the reasoning in *Barnes*, the Plaintiffs' Complaint sufficiently alleges that Officer Hitz created the conditions that placed him in purported imminent danger or threat, rendering his use of deadly force against Floyd Young III unreasonable and unjustifiable; in violation of HPD's use of force policy.

**COUNT II: VIOLATION OF 42 U.S.C. § 1983 – FAILURE TO TRAIN AND SUPERVISE**

18. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

19. The City of Houston, through its policies, practices, and customs, failed to adequately train and supervise its officers, including Officer Hitz, in the proper use of force and identification procedures. The Northeast Patrol Division Crime Suppression Team ("Team") was familiar with the teenage suspects, including Floyd Young III, prior to the shooting, and the Team knew the teens frequently shot music videos at the apartment complex, and the Team suspected guns might be present, as they arrived at the apartment complex. The Team was aware the teenage suspects posted on social media that they would be shooting a video at the apartment complex on the night of the shooting. Plaintiffs allege on information and belief, the suspicion that guns would be present lead to the Team's operation at the apartment complex the night of Floyd Young III's murder and wrongful death.

20. The Team's violations of HPD's use of force policy was a proximate cause of the objectively unreasonable and unjustifiable use of deadly force and the wrongful death of Floyd Young III. The Team failed under the *totality of the circumstances* to de-escalate the situation, and although multiple officers were present, no single officer took the lead role in communicating with the teenage suspects involved, including Floyd Young III, to avoid overwhelming the young

suspects and exacerbating potential confusion, which lead to the unjustifiable use of deadly force against Floyd Young III.[5]

21. The HPD use of force policy provides, "Whenever practical, officers shall use de-escalation techniques to gain voluntary compliance and to seek to avoid or minimize use of physical force." The HPD use of force policy identified techniques officers were to use intended to reduce the likelihood of a situation where the use of force is necessary. Those techniques include reducing exposure to a potential threat using time, distance, numbers, cover or concealment; or containing a threat and establishing communications from a safe position intended to gain the individuals compliance using verbal persuasion advisements or warnings. Notwithstanding the fact the Team had ample advance notice that the teenagers would be on the premises of the apartment complex, and the possibility that guns might be present, none of these de-escalation techniques were employed by Officer Hitz, or the Team, to gain Floyd Young III's compliance, or to avoid or minimize the use of physical force before deadly force was used against Floyd Young III.[6] The right to be free from excessive force in the absence of an immediate threat or "imminent danger" under the totality of the circumstances was clearly established by the HPD use of force policy at the time of Floyd Young III was shot dead.

22. The conduct of Officer Hitz and the Team also violated HPD use of deadly force and firearms policies such as: issuing a verbal warning when possible, considering their immediate

---

[5] General Order #600-17, pg 4; De-Escalation of Potential Force Encounters, "When safe and reasonable under the totality of circumstances, officers shall use de-escalation techniques in an attempt to gain voluntary compliance and to eliminate the use of deadly force."

[6] Id. at pg 5, Time, Distance, Numbers, Cover and Concealment: "When safe and feasible under the totality of the circumstances, officers shall (b) Attempt to slow down or stabilize the situation so that more time, options, and resources are available for incident resolution; (c) Use a team approach to de-escalation, considering officer training and skill level, the number of officers, and whether any officer has successfully established rapport with the individual…when multiple officers are present, a single officer should take the lead role in communicating with the individual to avoid overwhelming the individual and exacerbating their potential confusion and/or agitation."

surroundings, and safety of uninvolved persons, before using deadly force. Because of these failures, the use of deadly force against Floyd Young III, under the totally of the circumstances, was not objectively reasonable. The HPD use of force policy provides that in determining the objective reasonableness of force officers are to consider: the conduct of the individuals being confronted, in this case fleeing teenagers, the seriousness of the suspected offence or reason for contact with the individuals, potential for injury to citizens, officers and suspects, and risk of escape.[7] The failure of Officer Hitz and the Team to consider these factors and to de-escalate the situation renders the use of deadly force against Floyd Young III objectively unreasonable, and unjustifiable under HPD use of force policy.

23. The doctrine of qualified immunity does not shield the Defendants from liability in this case. As clarified in *Barnes*, the constitutional violation alleged need not be identical to prior precedent, so long as the unlawfulness of the conduct is apparent in light of existing case law. The Supreme Court in *Barnes* rejected the Fifth Circuit's narrow "moment-of-threat" focus and reaffirmed that officers may be held accountable when their own decisions create the conditions that lead to a use of force. Here, the Plaintiffs' Complaint alleges that Officer Hitz and the Team escalated the encounter with the teenage suspects and acted recklessly, and in disregard of HPD's use of force policy, before Officer Hitz used deadly force against Floyd Young III---conduct that under *Barnes*, would preclude qualified immunity as a defense to the officer's conduct.

---

[7] Id. at pg 3, Determining the Objective Reasonableness of Force: "…officers shall always consider time, distance, numbers, cover, and concealment. Officers shall also consider, without limitation…(a) The conduct of the individual being confronted, (c) the number of officers available versus the number of suspects. (f) Time and circumstances permitting the availability of other options. (g) Seriousness of the suspected offense or reason for contact with the individual.

24. The failure to follow the HPD use of force policy on the part of Officer Hitz, and the City of Houston's failure to properly train and supervise Officer Hitz and the Team, amounts to deliberate indifference to the constitutional rights of Floyd Young III.

**COUNT III: STATE LAW CLAIMS – WRONGFUL DEATH AND SURVIVAL ACTION**

25. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

26. Under Texas law, Plaintiffs assert claims for wrongful death and survival action against Defendants for the unjustified killing of Floyd Young, III.

## VI. DAMAGES

27. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs have suffered severe and ongoing harm. Plaintiffs seek compensatory damages for physical harm, mental anguish, pain and suffering, loss of consortium, emotional distress, loss of support, loss of financial contributions, and destruction of the parent-child relationship.

28. Plaintiffs also seek punitive damages against Officer Hitz for his reckless and callous disregard of Floyd Young III's constitutional rights.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Award compensatory damages in an amount to be determined at trial;

b. Award punitive damages against Officer Thomas Hitz;

c. Pre-judgment and post-judgment interest;

d. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983;

e. Grant any other relief the Court deems just and proper.

Respectfully Submitted,

By: /s/ Dwight Jefferson

Hon. Dwight Jefferson
SBN: 10605600
GREALISH McZeal, P.C.
700 Louisiana, 41ST Floor
Houston, Texas 77002
Tel: 713.255.3237
Email: djefferson@grealishmczeal.com

***ATTORNEY FOR PLAINTIFFS***